ORIGINAL

FILED

10-07-02

OCT - 7 2002

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority _____
Send _____ X
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REVOLUTION EYEWEAR, INC., | ) | CV02-1087-LGB(CWx) |
| | ) | |
| | ) | **ORDER RE:** |
| | ) | **CIVIL JURY TRIAL** |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASPEX EYEWEAR, INC., ET AL., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

The above matter is set for trial before the **Honorable Lourdes G. Baird, Courtroom 780, Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012.**

1.   PRE-TRIAL AND TRIAL DATES:   The Court orders the

following dates:

A **telephone status conference re: settlement** is set for

**September 22, 2003 at 4:00 P.M. (P.S.T.).***

**Cut-off date to join parties and amend pleadings is set for**

**December 1, 2002.**

**Factual Discovery cut-off is set at April 15, 2003.**

**Cut-off date for the filing of motions is set for**

**July 21, 2003.**

OCT 10 2002

\*   A separate minute order setting forth procedures to be
followed for the telephone conference shall be mailed to
counsel.

1

1    **Exchange of Expert Reports cut-off** is set at **May 1, 2003**.

2    **Exchange of Rebuttal Reports cut-off** is set at **May 30, 2003**.

3    **Expert Discovery cut-off** is set at **July 1, 2003**.

4    **Pre-trial conference** is set for **Monday, October 27, 2003**, at

5    **9:00 A.M.**

6    **Jury Trial** is set for **Tuesday at 8:30 A.M.** on **November 18,**

7    **2003**.

8    2.    DISCOVERY:   The court has ordered the above cut-off

9    date for discovery in this action.  All discovery other than

10   depositions must be served at least forty-five (45) days prior to

11   the discovery cut-off date.  All depositions shall be scheduled

12   to commence at least five (5) working days prior to the discovery

13   cut-off date.  All original depositions to be used in trial shall

14   be lodged with the courtroom deputy on the day of trial along

15   with a "Notice of Lodging".

16       3.    DISCOVERY MOTIONS:   Any motion with respect to the

17   inadequacy of responses to discovery must be filed and served not

18   later than ten (10) days after the discovery cut-off date.

19   Whenever possible, the Court expects counsel to resolve discovery

20   problems among themselves in a courteous, reasonable, and

21   professional manner.  Consistent resort to the Court for guidance

22   in discovery is unnecessary and will result in the Court

23   appointing a Special Master at the joint expense of the parties

24   to resolve discovery disputes.  The Court expects that counsel

25   will strictly adhere to the Civility and Professional Guidelines

26   adopted by the United States District Court for the Central

27   District of California in July of 1995.

28       4.    DISCLOSURE OF EXPERT TESTIMONY: Pursuant to

Fed.R.Civ.P. P. 26(a)(2)(c), a party shall make all disclosures

required at the time and in the sequence directed by the Court.
In the absence of other directions from the Court or stipulation
by the parties, the disclosures shall be made at least 90 days
before the trial date or the date the case is to be ready for
trial, or, if the evidence is intended solely to contradict or
rebut evidence on the same subject matter identified by another
party under paragraph (2)(B), within 30 days after the disclosure
made by the other party. The parties shall supplement these
disclosures when required under subdivision (e)(1).

5. LAW AND MOTION: The court has ordered the above cut-off
date for the *filing* of motions in this action. If oral argument
is not required, counsel will be advised the week before the
hearing date. If oral argument is to be heard, a tentative
ruling or an outline of issues on which argument should
concentrate will generally be available 30 minutes before the
time of hearing.

6. **Counsel are ORDERED to serve conformed courtesy copies
without envelopes of all motions, oppositions and replies
directly to Chambers at the Roybal Federal Building, 255 East
Temple Street, Suite 770, Los Angeles, California 90012 by 5:00
P.M. (PST) on the day of filing.**

7. MOTIONS IN LIMINE: Motions in limine on classes of
evidence which are appropriate for preliminary rulings must be
filed timely in order that they may be heard at the pre-trial
conference.

8. SETTLEMENT PROCEDURES: Counsel are ordered to timely
comply with Local Rule 16-14.1 setting out mandatory settlement
procedures. Counsel will be expected to report their compliance
with Local Rule 16-14.1 at the telephone status conference.

9.   PRE-TRIAL CONFERENCE: This case has been placed

1 on calendar for a Final Pre-Trial Conference pursuant to

2 Fed.R.Civ.P. 16 and Local Rule 16.  Unless excused for good

3 cause, each party appearing in this action shall be represented

4 at the Pre-Trial Conference, and all pre-trial meetings of

5 counsel, by the attorney who is to have charge of the conduct of

6 the trial on behalf of such party.  The Court expects strict

7 compliance by all parties with the above rules.

8   10.  It is this Court's philosophy that the attorneys, as

9 well as the Court, are responsible for management of the trial.

10 In keeping with this philosophy, it is this Court's practice to

11 set time limits for each side's presentation of evidence and

12 argument.  In order to accomplish equitable time limits, the

13 Court will issue a minute order at the motion cut-off date

14 requiring counsel to submit witness summaries and time estimates

15 in order to assist in the setting of trial time limits.  This

16 minute order shall also govern the dates of submission of

17 proposed jury instructions and special verdict forms.

18   11.  JURY TRIAL:  The hours for the **first** day of trial are

19 Tuesday from 8:30 to 4:30 P.M..  Thereafter, the hours shall be

20 from 8:00 A.M. to 1:30 P.M. daily, with two fifteen (15) minute

21 breaks.  Trial days shall be held on Tuesdays through Fridays.

22   12.  The trial before the jury will commence promptly at

23 8:00 A.M.  Counsel is urged to anticipate matters which may need

24 discussion or hearing outside of the presence of the jury and to

25 raise them during breaks or at the end of the day.

26   13.  Counsel shall not refer to their clients or any witness

27 over 14 years of age by their first names during trial.

28   14.  Do not discuss the law or argue the case in opening

statements.

4

15. When objecting, state only that you are objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc. Do not argue an objection before the jury.

16. Do not approach the Courtroom Deputy or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

17. Counsel shall rise when addressing the Court. Counsel shall rise when the jury enters or leaves the courtroom.

18. Address all remarks to the Court. Do not directly address the Courtroom Deputy, the reporter or opposing counsel. If you wish to speak with opposing counsel, ask permission to talk to counsel off the record. All requests for the re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

19. JURY INSTRUCTIONS: The Court prefers Counsel to use the instructions from the Manual of Model Jury Instructions for the Ninth Circuit (West Publishing latest edition) where applicable. Where California law is to be applied and the above instructions are inapplicable, the Court prefers Counsel to use California Civil Jury Instructions - Civil (West Publishing latest edition) "BAJI." If neither of the above sources are applicable, Counsel is directed to use the instructions from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions or California Forms of Jury Instructions. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

Counsel shall provide to the Court a floppy disk containing the proposed instructions along with the hard copy.

5

1   20.   An index page shall accompany all jury instructions
2   submitted to the Court.   The index page shall indicate the
3   following:

4           a.   The number of the instruction;
5           b.   A brief title of the instruction;
6           c.   The source of the instruction; and
7           d.   The page number of the instruction.
8   EXAMPLE:

| Number | Title | Source | Page Number |
|---|---|---|---|
| #1 | Burden of Proof | 9th Cir. 12.02 | 5 |

11   21.   <u>EXHIBITS</u>:   Counsel are to prepare their exhibits for
12   presentation at the trial by placing them in 3-hole notebooks
13   which are tabbed down the side with the exhibit numbers.   These
14   notebooks are to be prepared in an original for the Clerk and two
15   copies.   The originals shall each be tagged with the appropriate
16   exhibit tags in the upper or lower right-hand corner of the first
17   page of each exhibit.   Each notebook shall contain a list of each
18   exhibit included, and shall be tabbed down the side with exhibit
19   numbers.   Counsel shall supply three extra copies of their
20   individual or joint exhibit list and witness list to the Clerk at
21   the start of the trial.   The exhibits are to be numbered in
22   accordance with Local Rule 26-4.1.

23   22.   In jury cases where a significant number of exhibits
24   are to be admitted, the Court encourages counsel, preferably by
25   agreement, to consider ways in which testimony about exhibits may
26   be intelligible to the jury while it is being presented.   Counsel
27   may consider such devices as overhead projectors, jury notebooks
28

for admitted exhibits, or blow-ups of important exhibits.  Do not

1  plan to pass exhibits up and down the jury box while court is in

2  session.

3      23.  All counsel are to meet not later than ten (10)

4  calendar days before trial and to stipulate as far as is possible

5  as to foundation, waiver of the best evidence rule and to which

6  exhibits may be received into evidence at the start of trial.

7  The exhibits to be so received will be noted on the extra copies

8  of the exhibit lists.

9

10

11  DATE:  October 7, 2002

LOURDES G. BAIRD
12  UNITED STATES DISTRICT JUDGE

13

14
This Court's website is http://www.cacd.uscourts.gov/
15

16
(Revised May/2002)
17

18

19

20

21

22

23

24

25

26

27

28