ORIGINAL

X Priority
X Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

**Case No.:** CV 02-1087 LGB (CWx)      **Date:** December 3, 2002

**Title:** <u>Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., et al.</u>

===========================================================
**DOCKET ENTRY**
===========================================================

**PRESENT:** **Hon. Lourdes G. Baird, United States District Judge**

<u>Catherine Jeang</u>          <u>None Present</u>
Deputy Clerk               Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
<u>None Present</u>                         <u>None Present</u>

**PROCEEDINGS:**   In Chambers

The Court is in receipt of Plaintiff's Motion to Strike Defendant Aspex Eyewear, Inc.'s Counterclaim, filed November 18, 2002; Defendant's Opposition, filed November 22, 2002; and Plaintiff's Reply, filed December 2, 2002. A hearing is set on the matter for December 30, 2002, at 10:00 A.M. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court hereby **<u>dispenses with oral argument</u>** on the motions and will decide on the basis of the papers submitted. Therefore, the parties are **<u>not</u>** to appear before this Court on **<u>December 30, 2002, at 10:00 A.M.</u>**

Federal Rule of Civil Procedure 12(f) provides that "Upon motion made by a party **before responding to a pleading** . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Court need not consider the merits of the motion to resolve it, because the motion is untimely. Plaintiff Revolution Eyewear, Inc. ("Revolution"), filed the instant case on February 5, 2002. On September 10, 2002, Defendant Aspex Eyewear, Inc. ("Aspex"), filed an Answer and Counterclaims. Aspex brought two

1




counterclaims at this time. On October 9, 2002, Revolution filed a Reply to Counterclaims. After filing its response to the counterclaims, Revolution brought this motion to strike the counterclaims. Therefore, Revolution did not bring the motion to strike "before responding to [the] pleading" as Federal Rule 12(f) requires. Case law is clear that "[t]he district court has authority under Rule 12(f) to strike a pleading, in whole or in part, **only if a motion is made before the moving party has filed a responsive pleading**, unless the court strikes the pleading on its own initiative." Culinary & Service Employees Union, AFL-CIO Local 555 v. Haw. Employee Benefit Admin., Inc., 688 F.2d 1228, 1232 (9th Cir. 1982). The Court does not have authority to grant a motion under Rule 12(f) after a responsive pleading has been filed, as here. Therefore, Revolution's motion to strike is untimely and it is **DENIED**.

The Court may, however, strike a pleading under Rule 12(f) even after a responsive pleading has been filed, when the Court does so on its own initiative. Fed. R. Civ. P. 12(f). Revolution alleges that Aspex's counterclaims are redundant. To determine whether the counterclaims should be stricken as redundant, a brief explanation of the procedural posture of the parties is necessary.

This is a patent infringement dispute involving magnetic eyeglass frames. In the instant case (CV 02-1087 LGB (CWx)), Revolution as Plaintiff asserts that Defendants (including Aspex) are infringing U.S. Patent No. 6,343,858 ("the '858 Patent"). In its counterclaims, Aspex counters that Revolution is actually infringing on Aspex's patent, U.S. Patent No. RE 37,545E ("the '545 Patent").[1]

There is a second pending case before this Court (CV 02-6708 LGB (RNBx)). This case was originally filed by Aspex against Revolution in the Southern District of New York, but later transferred to this Court. In this case, Aspex alleges that Revolution is infringing Aspex's '545 Patent.

---

[1] This patent was issued on February 13, 2002, and it is a reissue of U.S. Patent No. 5,568,207 ("the '207 Patent"). This Court has previously decided a case involving these parties and the '207 Patent. On June 5, 2001, the Court granted Defendant Revolution Eyewear's motion for summary judgment on Aspex's claim of patent infringement of the '207 Patent. That case is now on appeal to the Federal Circuit. See Declaration of Roy A. Kim, ¶¶ 2-3.

2

Therefore, the Court currently has two pending cases, both involving claims by Aspex that Revolution is infringing the '545 Patent. In the 02-6708 Case, Aspex is the Plaintiff; in the 02-1087 Case, Aspex is the Defendant and Counter-claimant. This is the basis for Revolution's motion to strike the counterclaim in the 02-1087 Case as redundant.

Aspex states in its Opposition that it offered to Revolution to withdraw the 02-6708 Case and proceed solely on the counterclaim. Opp'n at 4. It is not clear from the papers why Revolution rejected that offer. This is the best solution for the parties.

It is highly preferable for the parties to proceed in one action on all the claims involved. Further, with Aspex proceeding on the counterclaim and dismissing the 02-6708 Case, the Court may avoid the unnecessary complication involved in consolidating the cases.

Based on the foregoing, the Court declines to strike the counterclaim. In accord with the representations made in its Opposition, Aspex should prepare a Stipulation to Dismiss the 02-6708 Case. In the event that Revolution objects to dismissal for reasons not made clear in the papers before the Court, Aspex should file a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 41.

Conclusion:

1. Plaintiff Revolution's Motion to Strike is **DENIED**.

2. Defendant Aspex is **ORDERED** to file a Stipulation to Dismiss CV 02-6708 LGB (RNBx), or, if Plaintiff opposes, a Motion to Dismiss CV 02-6708 pursuant to Federal Rule of Civil Procedure 41, **no later than December 30, 2002.**

Deputy Clerk _____

3