ORIGINAL

ENTERED
CLERK, U.S. DISTRICT COURT

MAR 11 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

CLERK, U.S. DISTRICT COURT

MAR 1 0 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

___X___ Priority
___X___ Send
_____ Clsd
___X___ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTION EYEWEAR, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>ASPEX EYEWEAR INC., et al.,<br><br>        Defendants. | NO. CV 02-1087 LGB (CWx)<br><br>**ORDER GRANTING DEFENDANT REAL EYES OPTICAL, LLC'S MOTION TO AMEND ITS ANSWER** |

## I. INTRODUCTION

Plaintiff Revolution Eyewear, Inc. ("Plaintiff") has filed a claim for patent infringement against Defendant Real Eyes Optical, LLC ("Defendant"). The Court granted Defendant leave to file a motion to amend its answer by its minute order of January 13, 2003. Defendant brings this motion to amend its answer, pursuant to Federal Rules of Civil Procedure 15(a) and 16(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court held a scheduling conference in this case on October 7, 2003. The Court set the deadline to amend pleadings or to add

1

ENTERED ON ICMS

MAR 11 2003

CV

119

1  parties as December 1, 2002.[1]

2      Defendant first filed a Motion for Leave to File an Amended

3  Answer on December 2, 2002. Minute Order (1/13/03) at 2. However,

4  Defendant failed to file a memorandum of points and authorities to

5  support this motion, and subsequently withdrew the motion on

6  December 12, 2002. Id. On December 23, 2002, Defendant filed a

7  Motion for Leave to File a Motion to Amend Its Answer. Id. The

8  Court granted this motion on January 13, 2003, pursuant to Federal

9  Rule of Civil Procedure 6. Id.

10      Defendant files the instant Motion to Amend Its Answer under

11  Federal Rule of Civil Procedure 15, alleging that it did not have

12  sufficient information to add parties and counterclaims in the

13  initial answer without violating Federal Rule of Civil Procedure

14  11. Defendant's Motion to Amend its Answer ("Mot. to Amend") at 3.

15  Defendant asserts that the reason for the delay in filing a Motion

16  to Amend was miscommunication between two different offices of

17  counsel for Defendant. The Court accepted this error as excusable

18  neglect. Minute Order (1/13/03) at 3.

19      Defendant now claims to have obtained information from third

20  party sources to allege specific counterclaims. Mot. to Amend at 3.

21  To support this, Defendant lodged an Amended Answer and

22  Counterclaims. Defendant contends that it should be allowed to file

23  an amended answer because the law favors the liberal granting of

24

25  _____

26     [1]Because December 1, 2002 was a Sunday, the deadline to

27  amend pleadings was actually December 2, 2002.

28                      2

1  amendments in the interest of allowing parties to litigate all

2  related claims at the same time. Id. Further, Defendant asserts

3  that its efforts to correct its error constituted diligence under

4  the "good cause" requirements of Federal Rule of Civil Procedure

5  16. Id. at 7-9.

6      Defendant filed the instant motion on February 3, 2003.

7  Plaintiff filed an Opposition on February 10, 2003. Defendant filed

8  a Reply on February 24, 2003.

9  III. LEGAL STANDARD FOR MOTION TO AMEND

10     Federal Rule of Civil Procedure 15 governs amendments to

11  pleadings. In relevant part, Rule 15 provides that "a party may

12  amend the party's pleading only by leave of the court or by written

13  consent of the adverse party; and leave shall be freely given when

14  justice so requires." Fed. R. Civ. P. 15(a). When deciding whether

15  or not to grant leave to amend, the court should consider several

16  factors, including undue delay, bad faith, futility of amendment,

17  and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178,

18  182 (1962). However, the Ninth Circuit has held that in determining

19  whether or not leave to amend is appropriate, the "crucial factor

20  is the resulting prejudice to the opposing party." Howey v. United

21  States, 481 F.2d 1187, 1190 (9th Cir. 1973).

22     In the instant case, Defendant's motion to amend would result

23  in a change to the deadline for making amendments to pleadings in

24  the Scheduling Order since that date has already passed. Federal

25  Rule of Civil Procedure 16 governs scheduling management of cases.

26  Fed. R. Civ. P. 16(b). The Court in the instant case filed a

27

28                                  3

1  pretrial Scheduling Order, pursuant to Rule 16(b), on November 14,

2  2002. According to the rule, "[a] schedule shall not be modified

3  except upon a showing of good cause and by leave of the district

4  judge". Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-08

5  (9th Cir. 1992); see also Landis v. North American Co., 299 U.S.

6  248, 254 (1936). The existence or degree of prejudice to the party

7  opposing the modification might provide a basis for denying the

8  motion, but "the focus of the inquiry is upon the moving party's

9  reasons for seeking modification." Johnson, 975 F.2d at 609.

10      The standard by which the court will determine whether or not

11  there is good cause to allow the resulting modification "primarily

12  considers the diligence of the party seeking the amendment."

13  Jackson v. Laureate, Inc., 18 F.R.D. 605, 607 (E.D. Cal. 1999). The

14  Court should consider the following in assessing the movant's

15  diligence: (1) whether the movant was diligent in assisting the

16  Court in creating a workable scheduling order; (2) whether

17  noncompliance with the scheduling order occurred notwithstanding

18  diligent efforts to comply, because of the development of matters

19  that could not have been reasonably foreseen at the time of the

20  scheduling conference; and (3) whether the movant was diligent in

21  seeking amendment to the scheduling order, once it became apparent

22  that the moving party could not comply with the order. Id. at 608.

23      It is the established rule of this Circuit that once a

24  district court has filed a pretrial scheduling order pursuant to

25  Federal Rule of Civil Procedure 16, which establishes a timetable

26  for amending the pleadings, the standards of Rule 16 control.

27

28                                    4

1   Johnson, 975 F.2d at 607-08. Therefore, Defendant's motion must

2   first be analyzed under the standards of Rule 16, in order to

3   determine whether or not modification of the scheduling order is

4   warranted. Only if the Court concludes that modification of the

5   scheduling order is appropriate should the Court apply Rule 15 to

6   determine whether or not leave to amend is appropriate to this

7   case.

8   **IV. ANALYSIS**

9       A.   **Whether the Scheduling Order Should be Modified Under**

10           **Rule 16**

11       It is undisputed that Defendant has been unable to meet the

12   deadline to file a motion to amend its answer under the Court's

13   Rule 16 Scheduling Order. Defendant filed the instant Motion to

14   Amend Its Answer on February 3, 2003. The deadline for amendments

15   to pleadings under the Scheduling Order was December 1, 2002. The

16   Court must determine whether Defendant has demonstrated good cause

17   for its failure to comply with the Court's Scheduling Order.

18       As an initial matter, Plaintiff argues that Defendant's motion

19   to amend its answer should be denied because Defendant does not

20   explicitly request a change in the Scheduling Order. Plaintiff's

21   Opposition to Motion to Amend ("Opp'n to Mot.") at 4. Plaintiff

22   contends that failure to explicitly request a change to the

23   scheduling order, in a motion that requires such, can result in

24   dismissal of the motion. Johnson, 975 F.2d at 608-09. Defendant was

25   granted leave by the Court to file the instant motion to amend on

26   January 13, 2003. The Court was aware that Defendant's motion for

27

28                                   5

leave to file a motion to amend, filed December 23, 2002, may result in a change in the scheduling order. Similarly, the Court is aware that Defendant's motion to amend, filed on February 3, 2003, is outside of the time parameters initially set by the Court. Defendant's motion is therefore properly viewed as a request for a change to the Scheduling Order, and the Court will examine it under Rule 16.

As noted above, the good cause inquiry under Rule 16 primarily considers the diligence of the party seeking the amendment. Jackson, 18 F.R.D at 607. Prejudice to the Plaintiff is not a required consideration under Rule 16. Johnson, 975 F.2d at 609. The Court now considers whether Defendant has demonstrated diligence by analyzing three aspects of Defendant's diligence: (1) whether Defendant was diligent in assisting the Court in creating a workable scheduling order; (2) whether non-compliance with the scheduling order occurred notwithstanding diligent efforts to comply, because of the development of matters that could not have been reasonably foreseen at the time of the scheduling conference; and (3) whether Defendant was diligent in seeking amendment to the scheduling order, once it became apparent that it could not comply with the order. Jackson, 18 F.R.D. at 608.

1. **Diligence in Creating a Workable Scheduling Order**

The first aspect of Defendant's diligence to consider is whether Defendant was diligent in assisting the Court in creating a workable scheduling order. Jackson, 186 F.R.D. at 608. The Court held a Scheduling Conference by telephone, on October 7, 2002. At

6

1  this conference, the Court set a deadline of December 1, 2002, for

2  the parties to request leave to file amended pleadings or add

3  parties. Scheduling Order at 2. Counsel for both Plaintiff and

4  Defendant participated in the telephone conference. Plaintiff

5  alleges nothing that would suggest that Defendant was uncooperative

6  in assisting the Court in creating a workable scheduling order.

7  Defendant timely filed for leave to file an amended answer on

8  December 2, 2002, thereby complying with the scheduling order.

9  Though this motion was withdrawn, the Court has already concluded

10  that the mistake precipitating the withdrawal was made in good

11  faith. Minute Order (1/13/03) at 3. Therefore, it appears that

12  Defendant made efforts to comply with the deadline to file for

13  leave to file an amended answer, as set forth in the scheduling

14  order. Defendant was diligent in helping create and maintain a

15  workable scheduling order.

16        **2.   Unforeseen Matters From the Time of the Scheduling**

17           **Order**

18     A second inquiry into Defendant's diligence is whether

19  Defendant's non-compliance with the scheduling order occurred

20  notwithstanding diligent efforts to comply, because of the

21  development of matters that could not have been reasonably foreseen

22  at the time of the scheduling conference. <u>Jackson</u>, 186 F.R.D. at

23  608. Defendant's failure to file a memorandum of points and

24  authorities in support of its timely motion to amend was

25  inadvertent and therefore not reasonably foreseeable from

26  Defendant's point of view. Plaintiff does not dispute the argument

27

28                             7

1  that Defendant could not reasonably foresee its failure to file a

2  supporting memorandum of points and authorities.

3      Plaintiff argues, however, that Defendant's motion should be

4  denied because Defendant has not shown diligence in seeking the

5  information that is the grounds for the requested amendment. Opp'n

6  to Mot. at 5. This argument is misdirected. Defendant does not seek

7  a change to the scheduling order to file the requested amendment

8  based on the acquisition of information which it did not have at

9  the time of the original deadline. Instead, Defendant seeks a

10 change to the scheduling order because of Defendant's initial

11 mistake of not filing a supporting memorandum of points and

12 authorities. Defendant's first motion to amend its Answer was

13 timely filed. The Court is persuaded that Defendant has diligently

14 attempted to comply with the Court's Scheduling Order in spite of

15 unforeseen circumstances.

16      **3.   Diligence in Seeking Amendment of the Scheduling**

17           **Order**

18      A final factor for the Court to consider in the Rule 16

19 analysis is whether Defendant was diligent in seeking amendment of

20 the Court's scheduling order after it became apparent that

21 compliance with the scheduling order was impossible. <u>Jackson</u>, 186

22 F.R.D. at 608. Plaintiff argues that Defendant has not been

23 diligent in seeking amendment of the scheduling order. To support

24 this, Plaintiff refers to Defendant's filing of a Motion to Amend,

25 on December 2, 2002, and its failure to accompany this with a

26 memorandum of points and authorities. Opp'n to Mot. at 6. However,

27

28                              8

the Court already concluded that Defendant's failure to file the memorandum of points and authorities was a result of excusable neglect.

Defendant has been diligent in seeking amendment to the scheduling order. Upon discovering that Defendant's timely motion to amend its answer and counterclaims was deficient, Defendant withdrew the motion on December 12, 2002. Following this, Defendant filed a Motion for Leave to File a Motion to Amend Its Answer on December 23, 2002. The Court granted this motion on January 13, 2003, and Defendant filed the instant Motion on February 3, 2003. In seeking to remedy the mistake it made in its initial motion, Defendant has been diligent in filing subsequent motions. The instant motion, requesting a change to the scheduling order, was filed less than three weeks after leave to file the motion was granted.

Based on the foregoing, the Court concludes that Defendant has demonstrated diligence sufficient for this Court to modify its Scheduling Order under Rule 16 and allow Defendant to file an amended answer.

**B.   Whether the Motion for Leave to Amend Should be Granted Under Rule 15**

Defendant seeks to file an amended answer so that it may add affirmative defenses and counterclaims in order to bring all claims related to the case at hand. Mot. to Amend at 3. Defendant brings the instant Motion pursuant to Federal Rule of Civil Procedure 15. Id. Plaintiff opposes such amendment on the grounds that the

additional counterclaims are "without merit" and the late addition

of them will prejudice Plaintiff by forcing it to conduct

additional discovery. Opp'n to Mot. at 7. Under Federal Rule of

Civil Procedure 15, a party may amend its pleading by leave of the

court and "leave shall be freely given when justice so requires."

Fed. R. Civ. P. 15(a). The Court must consider four factors in

determining whether to allow Defendant to amend its complaint: (1)

undue delay; (2) bad faith; (3) futility of amendment; and (4)

prejudice to the opposing party. Foman, 371 U.S. at 182. However,

the Ninth Circuit has held that in determining whether to grant

leave to amend, the "crucial factor is the resulting prejudice to

the opposing party." Howey, 481, F.2d at 1190.

### 1.   Undue Delay

The first factor for the Court to consider is whether

Defendant unduly delayed seeking leave to amend. The deadline for

requesting leave to amend was December 2, 2002, and it was nearly

two months from this date that Defendant filed the instant motion.

However, Defendant contends that there has been no undue delay in

the process of filing the instant motion. Mot. to Amend at 6.

Defendant initially sought amendment to its answer within the time

allowed by the Court. When it realized that this would not be

possible, owing to the mistake made by Defendant in failing to file

a supportive memorandum, Defendant acted promptly to remedy the

situation. Defendant withdrew the deficient motion, then sought,

and was granted, leave to file a motion to amend its answer and

counterclaims. Defendant then filed the instant motion within a

reasonable time. The Court has already concluded that Defendant's prior mistake was a result of excusable neglect, and such mistake did not constitute undue delay. The Court finds no undue delay in Defendant's seeking leave to amend.

### 2.   Bad Faith or Dilatory Motive

A second query for the Court is whether Defendant acted in bad faith or with dilatory motive in seeking the amendment. Defendant alleges that it has not brought the instant motion with any dilatory motive, nor in bad faith. Mot. to Amend at 6. Plaintiff does not dispute this. Therefore, this factor weighs in favor of granting Defendant's motion.

### 3.   Futility

The third factor for the Court to consider is the futility of the amendments sought. Under Rule 15, if an amendment to a pleading is futile, the court should not grant leave to amend. <u>Foman</u>, 371 U.S. at 182. Plaintiff argues that Defendants amended claims are "without merit" and therefore futile. Opp'n to Mot. at 3. However, Plaintiff offers no facts or arguments to support its contention that Defendant's claims are meritless. Therefore, Plaintiff has not argued substantively that Defendant's amended claims are futile. Additionally, if Defendant has legitimate affirmative defenses and counterclaims, justice requires that these be given a fair examination. Therefore, the amendment sought is not futile, and this factor weighs in favor of granting the motion.

### 4.   Prejudice

The final consideration of the Court is whether Plaintiff will

1  be prejudiced by the addition of affirmative defenses and

2  counterclaims. The "crucial factor" under the <u>Foman</u> analysis is the

3  resulting prejudice to the opposing party. <u>Howey</u>, 481 F.2d at 1190.

4  Plaintiff alleges that the instant Motion should be denied under

5  the Rule 15 standard, because Plaintiff will be "prejudiced by

6  having to conduct discovery to defend against these last-minute

7  counterclaims." Opp'n to Mot. at 7. However, Plaintiff's claim that

8  it will encounter prejudice as a result of having to conduct

9  additional discovery is unsubstantiated. Discovery is to be

10  anticipated with litigation, and a claim that having to conduct

11  additional discovery will be prejudicial, without more, is not

12  determinative. The discovery cut-off in this case is April 15,

13  2003. As of the date Defendant filed the instant motion, Plaintiff

14  had not served Defendant with any discovery. Mot. to Amend at 5.

15  Furthermore, Defendant states that the additional counterclaims

16  arise out of the "same set of operative facts that are alleged in

17  the Complaint". <u>Id.</u> Plaintiff does not refute this assertion, nor

18  does Plaintiff allege any other ways in which it will be prejudiced

19  by the Court's allowing Defendant to file an amended Answer.

20  Therefore, this factor weighs in favor of granting Defendant's

21  motion.

22  ///

23  ///

24  ///

25  ///

26  ///

27

28                                        12

1    Based on the foregoing, all four of the <u>Foman</u> factors weigh in

2  favor of granting Defendant's motion to amend under Rule 15.

3  **V. CONCLUSION**

4    For the foregoing reasons, Defendant's Motion to Amend Its

5  Answer is GRANTED.

6

7

8    **IT IS SO ORDERED.**

9

10  Dated: *March 10, 2003*

11                                          *[signature]*

12                                          LOURDES G. BAIRD
                                            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                13