O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTION EYEWEAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASPEX EYEWEAR, INC.; and THIERY IFERGAN, <br><br> Defendants. | Case No. CV 02-01087-VAP (CWx) <br><br> **[Motion filed on June 12, 2009]** <br><br> **ORDER DENYING MOTION TO STAY EXECUTION OF JUDGMENT PENDING REEXAMINATION** <br><br> **[Term and Link Doc. No. 636]** |

Revolution Eyewear, Inc.'s ("Plaintiff") Motion for Stay of Execution of Judgment Pending Reexamination ("Mot.") came before the Court for hearing on July 6, 2009. After reviewing and considering all papers filed in support of, and in opposition to, the motion, as well as the arguments advanced by counsel at the hearing, the Court DENIES the Motion.

Plaintiff moves for a stay of judgment as it has secured ex parte reexamination by the United States Patent and Trademark Office ("PTO") of claim 22 of United

States Patent No. RE37,545 ("claim 22" and "'545 patent", respectively) as of May 29, 2009. (Mot. 1.) Plaintiff sought reexamination based on four United States patents and one Japanese patent, which Plaintiff describes as new prior art references, "some" of which are "newly provided, not of record in the file of the '545 Patent, and not cumulative . . . Some [of which] . . . were disclosed during prosecution of the '545 Patent, but were never cited or relied upon" by the applicant or the patent examiner during prosecution. (Mot. 3; Request for Ex Parte Reexamination of U.S. Patent No. RE37,545 at Declaration of R. Joseph Trojan ("Trojan Decl.") Ex. A-0 at 6, 9, 22 (listing prior art references and describing relevance).) Plaintiff's other grounds for seeking reexamination include obviousness under 35 U.S.C. section 103 and the extent to which claim 22 is anticipated under 35 U.S.C. section 102 by the Japanese patent described as new prior art above. (Mot. 7; Trojan Decl. Ex. A-0 6, 19, 22.)

## I. BACKGROUND

On April 30, 2007, the Court granted Counterclaimant Contour Optik, Inc.'s ("Contour") Motion for Partial Summary Judgment on the issue of Infringement, holding that Plaintiff infringed claim 22. (See Order Granting Counterclaimant's Motion for Summary Judgment on Infringement, April 30, 2007 ("Infringement MSJ Order").)

On the same day, the Court denied Plaintiff's Motion for Partial Summary Judgment on the issue of invalidity, holding that Plaintiff failed to establish claim 22 was invalid. (See Order Denying Counter-Defendant's Motion for Summary Judgment of Invalidity, April 30, 2007 ("Invalidity MSJ Order").)

This case was tried to a jury in September 2007 on Contour's claim for damages for patent infringement against Plaintiff. The jury returned a verdict awarding damages of $4,319,530.70 to Contour.

Plaintiff's intervening rights defenses were tried to the Court; on January 3, 2008, the Court issued a Memorandum and Opinion on Equitable Issues, Findings of Fact and Conclusions of Law ("Op. of January 3, 2008"), concluding that Plaintiff was entitled to absolute intervening rights and reducing the damages awarded by the jury by $125,964. Accordingly, on February 25, 2008, the Court issued a judgment in favor of Contour awarding damages of $4,193,567. On April 24, 2008, the Court denied Plaintiff's motions for judgment as a matter of law, for new trial, and for remittitur. (See Order Denying Motion for Judgment as a Matter of Law, for New Trial, and for Remittitur, April 24, 2008 ("Remittitur Order").)

On May 27, 2008, Plaintiff filed a Motion for Stay of Execution of Judgment Pending Appeal, challenging the results of the Invalidity MSJ Order, the Infringement MSJ Order, and the Remittitur Order; the Court denied the motion on July 14, 2008.

The next spring, on May 29, 2009, the PTO granted Plaintiff's ex parte reexamination request regarding claim 22.  (Mot. 2; Trojan Decl. Ex. B.)

On June 5, 2009, the Federal Circuit affirmed the judgment entered by this Court.

On June 12, 2009, Plaintiff brought the instant Motion, as well as an ex parte application for an order shortening time and an ex parte application for a temporary restraining order.  The Court denied the latter two applications in a minute order dated June 17, 2009. Contour, Manhattan Design Studio, Inc., and Asahi Optical Co., Ltd. (collectively "Defendants") timely filed opposition to the Motion.  Plaintiff filed no Reply.

## II. DISCUSSION

**A.   Relief under Rule 62 of the Federal Rules of Civil Procedure**

"Stays of monetary judgments are ordinarily sought under either Fed. R. Civ. P. 62(d) or 62(f)."  <u>Acevedo-</u>

Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002). Plaintiff concedes there are no grounds for relief pursuant to Rule 62 of the Federal Rules of Civil Procedure because the stay sought is premised on proceedings before the PTO, rather than appeal. (See Mot. 5 ("this motion does not fall within the provisions of the F.R.C.P. 62 . . ."); citing Katz v. Feinberg, 2001 WL 1132018 at *2-4 (S.D.N.Y 2001) (relief under Rule 62 improper where stay is sought because of proceedings in another action).) Accordingly, the Court does not grant relief under Rule 62.

**B.  Relief pursuant to the Court's Inherent Power**

Plaintiff asks the Court to use its inherent authority to grant a stay of execution of judgment for the duration of reexamination proceedings. (Mot. 5.) "The district court has the inherent power to control and manage its docket, which includes the authority to order a stay pending the outcome of reexamination proceedings in the PTO." Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citing Gould v Control Laser Corp, 705 F.2d 1340 (Fed. Cir. 1983).) Nevertheless "[t]he court is not required to stay judicial resolution in view of the reexamination[]." Vikase Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1328 (9th Cir. 2001). Accordingly, the requested relief is discretionary.

5

Plaintiff suggests the factors considered when granting relief under Rule 62 are instructive and that they favor granting a stay here. (Mot. 5-6.) The Rule 62 factors are: (1) likelihood of success on the merits; (2) threat of irreparable injury; (3) little likelihood the proposed stay will harm other parties; (4) the public interest. (Mot. 6 citing Katz, 2001 WL 1132018 at *3-4.) Assuming for the sake of argument these factors should apply, Plaintiff cannot satisfy even the first two accordingly we need not reach the third and fourth. The Court declines to exercise its discretion to stay execution of the judgment.

**1. Success on the merits**

Plaintiff offers several unconvincing arguments regarding success on the merits.

First, Plaintiff asks the Court to find in its favor based on the strength of the prior art, including the four United States patents and the Japanese patent, as well as the arguments it presented to the PTO when seeking reexamination. Although the Motion makes clear that only "some" of the prior art is "newly provided, not of record in the file of the '545 Patent, and not cumulative," Plaintiff fails to address adequately why it did not discover or present the prior art on which it now

relies during the extensive proceedings before this Court. (See Mot. 3.)

Plaintiff's second argument, i.e., that it will succeed at reexamination because the patent examiner placed undue weight during prosecution on the requirement that prior art suggest combining certain elements, in contravention of KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398 (2007), is unconvincing as well. (See Mot. 11 citing KSR, 127 S. Ct. 1731-31 [550 U.S. at 401-02].) The Supreme Court decided KSR on April 30, 2007, the very day the Court issued the Infringement MSJ Order and the Invalidity MSJ Order. (See Opp'n 3.) Plaintiff does not satisfactorily explain why it waited more than two years to seek relief pursuant to KSR. Plaintiff's delay undermines the seriousness with which it predicts success on the merits at the PTO.

Third, Plaintiff relies on statistics untethered to the facts of this case about the general rate of success during reexamination at the PTO. (Mot. 7.) This is unpersuasive. (See Opp'n 11.)

Finally, Plaintiff urges the Court to issue a stay because it claims the '545 patent loses its presumption of validity and has no legal existence as an issued claim during reexamination. (Mot. 6.) This is more properly

7

true of a claim found invalid not only during reexamination but also at the completion of all appeals. (See Opp'n 11-12 citing Standard Haven Products, Inc. v. Gencor Industries, Inc., 953 F.2d 1360, 1366 n.2) (Fed. Cir. 1991) (reexamination a preliminary step); In re American Academy of Science Tech Center, 367 F.3d 1359, (Fed. Cir. 2004) (ten year period between request for examination and final decision).) Accordingly, Plaintiff's prediction of success on the merits amounts to nothing more than speculation.

### 2. Threat of irreparable injury

Plaintiff also claims it will suffer irreparable pecuniary loss if the judgment is not stayed because the Court could not retroactively modify its judgment if the PTO, at reexamination, finds claim 22 invalid. (See Mot. 13-14.) Plaintiff asserts it would be "practically impossible" for Plaintiff to recover money from Contour, a Taiwanese corporation; Plaintiff cites no authority for this proposition. (Mot. 13.)

Plaintiff's argument seems to be that because a finding of invalidity during reexamination, had it occurred before trial, might have prevented the judgment against it, the Court should now hold the judgment, which was imposed after significant motion practice, interlocutory appeal, a jury trial, and appeal, hostage

to Plaintiff's tactical choice to seek reexamination long after trial.  (See Mot. 13 citing Inland Steel Co v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004).)

Just as "injury resulting from attempted compliance with government regulation ordinarily is not irreparable harm," so too is injury resulting from an affirmed judgment not harm on which the Court is inclined to grant relief.  See American Hospital Ass'n v. Harris, 625 F.2d 1328, 1331 (7th Cir. 1980).  Plaintiff's choice to pursue compatible forms of review of the '545 patent sequentially rather than concurrently does not persuade the Court to use its inherent power to grant relief.  See Vikase, 261 F.3d at 1328 (concurrent judicial resolution and reexamination proceedings do not require stay).

### III. CONCLUSION

For the reasons set forth above, the Court DENIES the Motion.

Dated: July 8, 2009

VIRGINIA A. PHILLIPS
United States District Judge