O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTION EYEWEAR, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ASPEX EYEWEAR, INC., et al. <br><br>  Defendants. | Case No. CV 02-01087-VAP (CWx) <br><br> **[Motion filed on August 10, 2009]** <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br><br> **[Link & Term Doc. No. 672]** |

On August 10, 2009, Defendant and Counterclaimant Contour Optik, Inc. ("Contour") filed a Motion for Sanctions ("Mot."). Contour moves the Court to use its inherent power to sanction Plaintiff Revolution Eyewear, Inc. ("Plaintiff") and to award Contour its attorney's fees and costs for bringing the Motion. Contour's Motion came before the Court for hearing on August 31, 2009. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court DENIES the Motion.

## I. BACKGROUND

On February 25, 2008, the Court issued a judgment in favor of Contour awarding damages of $4,193,567.  On May 27, 2008, Plaintiff filed a Motion for Stay of Execution of Judgment Pending Appeal; the Court denied the motion on July 14, 2008.

On June 5, 2009, the Federal Circuit issued a Mandate affirming this Court's judgment in favor of Contour. That same day, Contour filed an Affidavit and Request for Issuance of Writ of Execution and a Writ of Execution issued.

On June 12, 2009, Plaintiff filed an Ex Parte Application for Temporary Restraining Order as to Execution of Judgment ("Application") as well as a Motion for Stay of Execution of Judgment.  On June 17, 2009, the Court denied the Application.

Approximately two weeks later, on July 2, 2009, a Process Receipt and Return was filed for service of the Writ of Execution on Bank of America.  On July 8, 2009, the Court denied Plaintiff's Motion for Stay of Execution of Judgment.

On July 11, 2009, Plaintiff filed a Motion for Emergency Relief for Stay with the Federal Circuit.

1  (Declaration of Jeffrey F. Yee ("Yee Decl.") Ex. 3; Opp'n
2  3.)  On July 13, 2009, the Federal Circuit ordered
3  Contour to file a response no later than July 20, 2009.
4  (Yee Decl. Ex. 4; Opp'n 3.)

6  After this Court denied Plaintiff's Application and
7  its Motion for Stay of Execution of Judgment, and before
8  the Federal Circuit could grant any relief, Plaintiff
9  sent letters dated July 15 and 16, 2009 to the U.S.
10 Marshal Service ("USMS") and Bank of America,
11 respectively.  (Yee Decl. Exs. 1, 2.)  Plaintiff sent
12 Contour a copy of the letter to USMS but not the letter
13 to Bank of America.  These letters are the basis on which
14 Contour moves the Court to sanction Plaintiff.

16 Both letters stated Plaintiff "filed an emergency
17 motion for stay of the judgment pending appeal" to the
18 Federal Circuit and that a response from Contour was due
19 by July 20, 2009.  (Yee Decl. Exs. 1, 2.)  Plaintiff
20 "request[ed]" the USMS "cease execution" of the judgment.
21 (Yee Decl. Ex. 1.)  Plaintiff also requested Bank of
22 America "exercise its duty to depositor Revolution to
23 resist any actions by third parties to seize assets or
24 otherwise interfere with any accounts held by
25 Revolution."  (Yee Decl. Ex. 2.)

Contour filed a Satisfaction of Judgment on August 4, 2009. The Federal Circuit has yet to rule on Plaintiff's motion.

## II. LEGAL STANDARD

A district court may enter sanctions under its inherent power, "exercis[ing] . . . restraint and discretion," against a party for wilfully violating or hampering enforcement of its orders. Chambers v. Nasco, Inc., 501 U.S. 32, 43-44 (1991); see, e.g. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001); B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107-08 (2002).

Inherent sanctions are available where the court "specifically finds bad faith or conduct tantamount to bad faith." B.K.B., 276 F.3d at 1108; see Fink, 239 F.3d at 994. The Court should impose a remedy based on "its assessment of the actual harm incurred" by the aggrieved party. B.K.B., 276 F.3d at 1108-09; Fink, 239 F.3d at 991.

## III. DISCUSSION

Bad faith includes "hampering enforcement of a court order." Chambers, 501 U.S. at 46; Fink, 239 F.3d at 992; Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). Plaintiff "readily admits that it requested," via the letters to the USMS and Bank of

America, these entities "not [] succumb to any pressure by Contour to rush the levying of the judgment while the Federal Circuit considered the emergency motion for stay." (Opp'n 4.) In other words, Plaintiff admits it sought to delay, or hamper, enforcement of a court order, the Writ of Execution. The letters occasioned a delay of less than a month, during which Contour attorneys responded to several inquiries regarding the status of the judgment.

Plaintiff argues it did not act in bad faith as it "neither made any reckless misstatements of fact or law, nor . . . misle[]d or coerce[d] the USMS and BOA [Bank of America] to disobey the writ of execution." (Opp'n 3.)

Indeed, "[t]he bad faith requirement sets a high threshold." See Primus, 115 F.3d at 648-49. A finding of bad faith is appropriate "'where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides . . . '" but not where counsel simply offers "totally frivolous," "outrageous," and "inexcusable" arguments or acts in an "appall[ing]" manner. In re Itel Sec. Litig., 791 F.2d 672, 675 (9th Cir. 1986); Primus, 115 F.3d at 649.

At the hearing, Plaintiff resolved several discrepancies between Plaintiff's recital of facts in

1  connection with execution of the judgment, narrated in
2  the Declaration of R. Joseph Trojan ("Trojan Decl."), and
3  the documents Contour produced regarding its efforts to
4  collect thereon.  (Reply 5 (citing Opp'n 7).)  This
5  information bolsters the credibility of Plaintiff's
6  version of the facts and persuades the Court Plaintiff
7  was not attempting to mislead the Court in its
8  Opposition.

10     Based on all the evidence before it, the Court is
11 persuaded Plaintiff acted at least in part out of
12 obduracy, as it sought delay in execution of the judgment
13 even after it had lost at trial, lost in its post-trial
14 motions and on appeal, and had failed to obtain a post-
15 appeal stay.  Nevertheless, its counsel's motivations
16 were such that the Court cannot conclude he was
17 "substantially motivated" by obduracy, vindictiveness, or
18 <u>mala fides</u>.  <u>See</u> <u>Fink</u>, 239 F.3d at 992; <u>Itel</u>, 791 F.2d at
19 675.

21    Contour notes Plaintiff's litigious conduct has been
22 the subject of sanctions before.  (<u>See</u> Order Granting in
23 Part Mot. for Att'y Fees at 11 (Plaintiff engaged in a
24 "pattern of bad faith" and "vexatious litigation conduct
25 that needlessly increased the effort expended by the
26 Court and the opposing party").)  Contour does not bring
27 the Motion based on those actions, however.

1  "Because of their very potency, inherent powers must
2  be exercised with restraint and discretion." Chambers,
3  501 U.S. at 44.  Accordingly, the Court finds Plaintiff's
4  counsel did not act in bad faith.

## IV. CONCLUSION

For the above reasons the Court DENIES the Motion.

Dated:  September 2, 2009

*[signature]*
VIRGINIA A. PHILLIPS
United States District Judge